UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KENNETH F.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C19-5035-MLP

ORDER

## I. INTRODUCTION

Plaintiff seeks review of the partial denial of his application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in (1) finding that he did not meet or equal Listing 1.04, (2) discounting his subjective reports of pain, (3) assessing an opinion of his treating physician, (4) assessing his residual functional capacity ("RFC"), (5) assessing the disability rating of the U.S. Department of Veterans Affairs ("VA"), (6) rejecting the lay testimony, (7) failing to resolve a discrepancy between the written RFC assessment and the hypotheticals posed to the vocational expert ("VE"), and (8) relying on jobs at step five that do not exist in significant numbers. (Dkt. # 9 at 1-2.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

ORDER - 1

## II. BACKGROUND

Plaintiff was born in 1967, has a GED, and has worked as a landscaper and maintenance technician. AR at 48-49, 242. Plaintiff was last gainfully employed in December 2015. *Id.* at 242.

On December 31, 2015, Plaintiff protectively applied for benefits, alleging disability as of December 10, 2015. AR at 214-15. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 134-40, 142-50. After the ALJ conducted a hearing on November 9, 2017 (*id.* at 40-101), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 18-32.

Utilizing the five-step disability evaluation process,[1] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since the alleged onset date.

Step two: Since the alleged onset date, Plaintiff's cervical spine degenerative disc disease, status post lumbar spine surgery, lumbar spine spondylolisthesis, posttraumatic stress disorder, and alcohol dependence were severe impairments.

Step three: Since the alleged onset date, these impairments did not meet or equal the requirements of a listed impairment.[2]

RFC: Since the alleged onset date, Plaintiff could perform sedentary work with additional limitations. He cannot climb ladders, ropes, or scaffolds. He can occasionally climb ramps and stairs. He can perform postural activities on an occasional basis. He can occasionally use foot controls bilaterally. He can occasionally reach overhead bilaterally. He can have occasional exposure to vibration and extreme cold temperatures. He must occasionally use a cane to ambulate. He can understand, remember and apply detailed, not complex, instructions. He can have occasional interaction with the general public and co-workers.

Step four: Since the alleged onset date, Plaintiff could not perform his past relevant work.

Step five: Prior to July 12, 2017, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform. He became disabled on July 12, 2017, at which point he could not perform any jobs that exist in significant numbers.

---

[1] 20 C.F.R. § 404.1520.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

AR at 18-32.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-8. Plaintiff appealed the final decision of the Commissioner to this Court.

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.   DISCUSSION

**A.   The ALJ Did Not Err at Step Three**

   *1.   Legal Standards*

At step three, the ALJ considers whether one or more of a claimant's impairments meet or medically equal an impairment listed in Appendix 1 to Subpart P of the regulations. "The listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing *any* gainful activity, not just 'substantial gainful activity.'" *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990) (emphasis in original; citations omitted).

Plaintiff bears the burden of proof at step three. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). A mere diagnosis does not suffice to establish disability. *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985). "[An impairment] must also have the *findings* shown in the Listing of that impairment." *Id*. at 1549-50 (quoting 20 C.F.R. § 404.1525(d); emphasis added in *Key*). To meet a listing, an impairment "must meet *all* of the specified medical criteria." *Sullivan*, 493 U.S. at 530 (emphasis in original). "To equal a listed impairment, a claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment[.]" *Tackett v. Apfel,* 180 F.3d 1094, 1099 (9th Cir. 1999); § 416.926 (a). *See also Sullivan*, 493 U.S. at 531(to establish equivalency, claimant "must present medical findings equal in severity to *all* the criteria" for the listing).

The equivalence finding must be based on medical evidence. *Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001). A showing that the "overall functional impact" of the claimant's impairment is as severe as a listed impairment does not suffice to establish equivalence. *Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013) (citing *Sullivan*, 493 U.S. at 531). "The reason for this is clear. Listed impairments are purposefully set at a high level of severity because 'the

listings were designed to operate as a presumption of disability that makes further inquiry unnecessary.'" *Id.* (quoting *Sullivan*, 493 U.S. at 532).

    *2.*  *Listing 1.04*

  Plaintiff contends that the ALJ erred in giving cursory consideration of whether he met or equaled Listing 1.04, which applies to disorders of the spine that result in compromise of a nerve root or the spinal cord. The ALJ's findings on this point read as follows:

> The medical evidence does not establish the requisite evidence of nerve root compression, spinal arachnoiditis or lumbar spinal stenosis as required under listing 1.04. Moreover, there is no evidence that the claimant's back disorder has resulted in an inability to ambulate effectively, as defined in 1.00B2b.

AR at 21. Plaintiff does not point to any medical findings in the record that show that he does have nerve root compression, spinal arachnoiditis or lumbar spinal stenosis, nor does he dispute that Listing 1.04 requires such findings. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04. He instead focuses on whether his back disorder rendered him unable to ambulate effectively, and, in his reply, whether his condition *equaled* the listing.

  Even if Plaintiff is unable to ambulate effectively, that would not be sufficient to show that he met a listing, and therefore the Court will focus on Plaintiff's argument that he equaled a listing. (*See* Dkt. # 16 at 1-2.) Plaintiff's contention that he equals Listing 1.04 is supported only by citation to a panoply of objective findings and the resulting functional limitations. (*See id.*) Plaintiff cites no evidence that the objective findings cited by Plaintiff equal the requirements of Listing 1.04, and his reference to functional limitations does not establish medical equivalence. Thus, Plaintiff has failed to meet his burden to show that the ALJ erred at step three. *See Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005) (explaining a plaintiff's burden at step three).

**B.     The ALJ Erred in Assessing Plaintiff's RFC**

Plaintiff argues that the ALJ erred in finding that he could perform sedentary work, which requires occasional standing and walking, even though he uses a scooter to move around outside his house. (Dkt. # 9 at 7-8.) Plaintiff notes that the ALJ's RFC assessment mentions occasional use of a cane, but asserts that this limitation does not account for Plaintiff's functioning during most of the adjudicated period, since the time that he was prescribed a scooter by the VA.

According to the Commissioner, the ALJ's RFC assessment is supported by substantial evidence because the record reflects that Plaintiff uses a walker and cane sometimes, in addition to using a scooter. (Dkt. # 15 at 4 (citing AR at 274, 282, 305, 313, 408, 436, 473, 476, 507, 747, 852, 967, 1062, 1176).) Plaintiff testified in a deposition that the VA purchased a scooter for him several months after his December 2015 accident, and that he uses it when he moves outside his home, but uses a cane or walker inside his home. AR at 408, 435-36. Most of the evidence cited by the Commissioner, however, refers to the time period before Plaintiff had been prescribed a scooter. *See id*. at 274, 282, 313, 506-07, 747, 852, 967, 1062.[3] The Commissioner cites only one treatment note written after the time Plaintiff was prescribed a scooter that mentions Plaintiff's use of a cane and one could infer that the use was outside his home. *See id*. at 1176; *see also id*. at 473, 476 (lay statements describing Plaintiff's use of a cane and scooter).

It may be that there are valid reasons to discount Plaintiff's testimony (AR at 90-91) that he used a scooter outside of his home, or that he used a cane more often than occasionally (as indicated in the ALJ's RFC assessment), but the ALJ's decision does not set forth any such

---

[3] The Commissioner also cited other evidence that mentions Plaintiff's use of a cane along with the scooter or wheelchair, but this evidence does not differentiate between inside his home and outside his home. *See* AR at 305, 313. Thus, it is consistent with Plaintiff's testimony that he uses both types of devices.

reasoning. The ALJ's decision does not acknowledge Plaintiff's alleged need to use a scooter, or provide any reason to discount that testimony. This failure amounts to error.

Although the Commissioner argues that the ALJ's RFC assessment would not preclude the use of a scooter, such that the ALJ's failure to mention his scooter use is harmless, the harmlessness of the error is not apparent from this record. The VE was asked how his testimony would change if the hypothetical claimant were limited to ambulating in a scooter, and the VE testified that such a person would be limited to sedentary work, but he did not explicitly consider whether the specific jobs identified at step five would be compatible with scooter use because this restriction was not included in the hypothetical. *See* AR at 90-91. Furthermore, the RFC assessment includes some abilities that would likely be impacted by scooter use, such as climbing stairs, using foot controls, and performing postural activities. *Id.* at 23. Given this lack of evidence plausibly suggesting that Plaintiff could still perform the jobs identified at step five even if he relied exclusively on a scooter to ambulate, the Court cannot find harmless the ALJ's error in failing to provide reasons to discount Plaintiff's testimony regarding his need for a scooter.

This error requires reconsideration of Plaintiff's subjective allegations on remand, and obviates the need for the Court to address some of the other assignments of error, because the ALJ must necessarily reconsider some of the challenged portions of the decision on remand, namely the lay statements (which were discounted for the same reasons as Plaintiff's allegations were), the RFC assessment vis-à-vis the VE hypothetical, and the step-five findings.

**C.     The ALJ Erred in Assessing the VA Disability Rating**

The ALJ discounted Plaintiff's VA rating due to differences between the VA disability program and the Social Security disability program and because the rating does not express

Plaintiff's abilities in vocationally meaningful terms. AR at 29. Plaintiff argues that the ALJ erred in failing to comply with a regulation that does not apply to this case, due to the effective date of the updated regulation. (*See* Dkt. # 9 at 12 (citing 20 C.F.R. § 404.1504).)

Under Ninth Circuit law that does apply to Plaintiff's case, however, the ALJ's rationale is invalid. Neither differences between the programs, nor differences between an RFC assessment and a VA rating, are valid reasons to discount a VA rating. *See, e.g.*, *Quiambao v. Berryhill*, 2018 WL 3584462, at *13 (S.D. Cal. Jul. 26, 2018) (citing *Luther v. Berryhill*, 891 F.3d 872, 877 (9th Cir. 2018)). On remand, the ALJ shall reconsider the VA rating and either credit it or provide legally sufficient reasons to discount it.

**D.    The ALJ Did Not Err in Discounting a Treating Physician's Testimony**

Plaintiff contends that the ALJ erred in discounting the deposition testimony of his treating physician, Neal Shonnard, M.D., on the grounds that Dr. Shonnard failed to opine as to Plaintiff's specific functional limitations. AR at 29 (citing *id*. at 1461-1559). Plaintiff points to evidence that he contends does comment on his functional abilities: specifically Dr. Shonnard's testimony that Plaintiff was unable to work after his December 2015 injury, and a treatment note describing limitations in Plaintiff's ability to walk, sit and lift. (Dkt. # 9 at 11 (citing AR at 963, 1485, 1487-89, 1633).)

The Court is not persuaded that the evidence cited by Plaintiff amounts to probative evidence regarding Plaintiff's specific functional limitations. Most of the evidence identified by Plaintiff references generally his ability to work, which is an issue reserved to the Commissioner, and fails to describe an opinion relevant to a determination of Plaintiff's RFC. AR at 1485, 1487-89, 1633. The cited treatment note does mention limitations in Plaintiff's ability to walk, sit and lift, but the note as a whole indicates that Dr. Shonnard recorded Plaintiff's self-report just a few

days after the accident; there is no evidence that Dr. Shonnard performed any objective testing pertaining to those limitations, or that Plaintiff continued to report an inability to walk longer than five minutes or sit longer than 15 minutes, for example. *Id*. at 963. Plaintiff has not shown that the ALJ inaccurately described Dr. Shonnard's statements as failing to describe Plaintiff's ability to function in vocational terms, and this is a legitimate reason to discount his testimony. *See Morgan v. Comm'r Social Sec. Admin*., 169 F.3d 595, 601 (9th Cir. 1999) (finding substantial evidence support for ALJ's determination physician's reports did not show how a claimant's "symptoms translate into specific functional deficits which preclude work activity").

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider (1) the RFC and Plaintiff's subjective allegations, including his need for a scooter to ambulate; (2) the lay statements; and (3) the VA disability rating. In light of that reconsideration, the ALJ shall reconsider the step-five findings as well as any other affected portion of the decision.

Dated this 1st day of July, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge